(86 Misc. Rep. 359)

## In re RAYMOND'S WILL.

### (Surrogate's Court, New York County.   June, 1914.)

WILLS (§ 108*)—PROBATE—EXECUTION.

   Probate of a will drafted by testatrix will be refused, where the circumstances shown raise no presumption of the proper execution of the instrument, and there is no publication, no legal request made to the subscribing witnesses to act as such, and no acknowledgment to one of them who was not present when testatrix signed and did not see her signature; any one of these defects being sufficient to defeat probate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 249–258;  Dec. Dig. § 108.*]

In the matter of proving the last will and testament of Emma Marcy Raymond, deceased.   Probate refused.

William S. Haskell, of New York City, for proponents Frederick M. Patten and Charles Patten.

Olcott, Gruber, Bonynge & McManus, of New York City, for contestants.

Satterlee, Canfield & Stone, of New York City, for May McClellan Despree.

Julius H. Seymour, of New York City, for Hahnemann Hospital.

Jerome F. Donovan, of New York City, for Mrs. L. Whitley.

COHALAN, S.   Emma Marcy Raymond, the testatrix, was a woman about 80 years of age at the time the paper offered for probate was executed.   She drafted the will herself, guided only by a book relating to such matters.   The testatrix wrote or copied an attestation clause which omitted the usual statement of the request to the subscribing witnesses.   In the attestation clause the testatrix wrote "attending" for "attesting."   It also states that the instrument was signed by the testatrix in the presence of both of the attesting witnesses, though the instrument was signed by the testatrix in the presence of only one of the subscribing witnesses.   The fact that the testatrix did not correctly copy the attestation clause from the book of instructions sufficiently indicates that she did not appreciate the necessity of strictly complying with all the usual formalities.   The execution of the paper was directed by Searing, the notary public, whose lack of knowledge of such matters is shown by the fact that he attached to the will an acknowledgment of the witnesses' signatures.   Under these circumstances there is no presumption or inference of proper execution.   Upon consideration of the testimony and all the circumstances of the case I am convinced that there is no conspiracy by Searing and the two subscribing witnesses to destroy the will.   I believe that these three witnesses are worthy of belief in the substantial details of their testimony.   I am of opinion that there was no publication, no legal request made to the subscribing witnesses to act as such, and no acknowledgment to the witness Cumming, who was not present when the testatrix signed and who did not see her signature.   Any one of these defects would be suffi-

cient to defeat probate. The instrument was written by the testatrix and evidently expresses her free desires in regard to the disposition of her property, which is said to be worth about $250,000. But as long as wills continue to be executed under the supervision of notaries public, who presume to take the place of lawyers, and as long as those who execute wills under such conditions continue to practice such questionable economy, probate courts will be constrained to reject many of such instruments. The paper propounded must be refused probate.

Probate refused.