ed a formal notice of motion to open the default, returnable at the time of the argument of the motion to preclude, it is clearly apparent that the defendant was not prejudiced by the lack of the usual notice. It is not claimed that full opportunity to controvert the plaintiff's excuses for default was not afforded. It would have been a senseless proceeding to have made an order based on a default when the court had before it at the very time proof that the default was excusable and also an application to open it on proper terms.

When an order requiring a bill of particulars is not complied with, the default should not be lightly excused; but here there was no abuse of discretion.

Order affirmed, without costs, but with disbursements to the respondent. All concur.

---

In re RAYMOND'S WILL. (No. 6788.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

WILLS (§ 324*)—EXECUTION—PUBLICATION—ACKNOWLEDGMENT OF SIGNATURE—QUESTIONS FOR JURY.

Whether at the execution of the will of testatrix there was sufficient publication, and whether she acknowledged her signature to one of the witnesses, who was not present when she signed, and who did not see her signature, *held* for the jury.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 225, 767–770; Dec. Dig. § 324.*]

Appeal from Surrogate's Court, New York County.

In the matter of the application for probate of the last will and testament of Emma Marcy Raymond, deceased. From a surrogate's decree refusing to admit the will to probate (86 Misc. Rep. 359, 149 N. Y. Supp. 216), proponents and certain legatees appeal. Reversed and remanded, for trial of issues to jury.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Henry W. Jessup, of New York City, for appellants.
Abraham Gruber, of New York City, for respondents.

PER CURIAM. Emma M. Raymond died on the 7th of November, 1913, leaving what purported to be her last will and testament, bearing date the 8th of January, 1912. At the time of her death she was about 80 years of age, and the will was drawn by herself. The attesting witnesses were Gertrude Green and James Cumming. The will was offered for probate, which was refused on the ground, as appears from the opinion of the surrogate, that:

"There was no publication, no legal request made to the subscribing witnesses to act as such, and no acknowledgment to the witness Cumming, who was not present when the testatrix signed, and who did not see her signature."

The proponents and two legatees separately appeal.

After a careful consideration of all the evidence bearing upon the execution and publication, and the circumstances in connection there-

with, we are not satisfied with the conclusion reached by the surrogate. When the deceased wrote her will, she either knew what formalities were required in its proper execution, or else was apprised of that fact in copying it from a form. It is evident she took much care in preparing the will, and it is inconceivable, under such circumstances, that she would have requested the witnesses to come to her apartment for the purpose of signing as such, and, when they signed, not have said a single word to them about it, or for what they were there. Taking into consideration the surrounding circumstances, the contradictions of the subscribing witnesses and the witness Searing, we think the proper disposition to make of the appeal is to direct a trial of the issues involved before a jury.

The decree appealed from, therefore, is reversed, and the issues raised as to whether the instrument were duly executed as a last will and testament directed to be tried in the Supreme Court before a jury, with costs, payable out of the estate, to the appellants.

---

### TEDESCHI v. BACIGALUPO et al.

(Nassau County Court. February, 1915.)

1. COSTS (§ 110*)—SECURITY FOR COSTS—RIGHT TO.

The right of a defendant to security for costs, provided for by Code Civ. Proc. § 3268, subd. 1, in actions begun in the County Court by one residing without the county, save in certain specified counties, is absolute, though it may be waived by laches in moving.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 427–438, 444, 448, 449, 456; Dec. Dig. § 110.*]

2. COSTS (§ 112*)—SECURITY FOR COSTS—LACHES.

Where defendants' attorneys, on serving their answer, demanded from plaintiff's counsel the latter's address, and they were put off from time to time, the right of defendants to require plaintiff to furnish security for costs was not, under the circumstances, waived, although the motion was not made until after issue was joined.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig. § 112.*]

3. COSTS (§ 112*)—SECURITY FOR COSTS—DISCRETION OF COURT.

The court may in its discretion, upon a reasonable excuse for the delay, require security for costs after defendant has served his answer.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 463–468; Dec. Dig. § 112.*]

Action by Gaetano Tedeschi against Antonio Bacigalupo and Joseph Bacigalupo, doing business as A. Bacigalupo & Son. On motion for security for costs. Motion granted.

Maxson & Jones, of Hempstead (Henry L. Maxson, of Hempstead, of counsel), for the motion.

Charles J. Ryan, of Brooklyn, opposed.

NIEMANN, J. The defendants move for security for costs. This action was brought to recover $300 damages for the alleged negligent killing of plaintiff's horse by the defendants' automobile truck. The ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes